# EXHIBIT "1"

LAW OFFICES OF
ANDREW ZEYTUNTSYAN
A PROFESSIONAL CORPORATION

1306 W. Magnolia Blvd.
Burbank, CA 91506
Tel: (323) 583-6500
Fax: (888) 506-7176
www.a2zlegal.com

October 12, 2023

**VIA EMAIL & FACSIMILE**
Darby Place
Walmart Claims Services
P.O. Box 14731
Lexington, KY 40512
F: (877) 219-0742
Darby.Place@walmart.com

RE: Our Client: Peggy Flemming
Your Insured: Walmart Inc.
File No.: 9950030
Date of Loss: December 23, 2021

# TIME-SENSITIVE
# INSURANCE SETTLEMENT DEMAND LETTER

**Confidential & Privileged**
***Evidence Code* § 1152 et sequitur**

Dear Ms. Place:

As you know, this office represents Ms. Peggy Flemming, for injuries and damages suffered in an incident that occurred on your insured's premises on December 23, 2021. The purpose of this letter is to convey our client's demand to settle his personal injury claim in exchange for **$600,000.00** (Six Hundred Thousand Dollars) and release of all claims against your insured. Please accept this letter as our formal demand for $600,000.00.

Before initiating any legal action against your insured, I am taking this opportunity to present all the facts for your consideration and possible resolution of this claim.

An owner or possessor of land owes a duty to exercise reasonable care to maintain the property in a condition that is reasonably safe in light of the probability of injury to persons exercising ordinary care. (*Civ. Code*, § 1714(a); *Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156.) Included within this duty is an obligation to conduct reasonable inspections of the property and to either warn of any dangerous condition or remedy it. "Although liability might easily be found where the landowner has actual knowledge of the dangerous condition, '[t]he landowner's lack of knowledge of the dangerous condition is not a defense. He has an affirmative duty to exercise ordinary care to keep the premises in a reasonably safe condition, and therefore must inspect them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, he

would have discovered the dangerous condition, he is liable.'" *Swanberg v. O'Mectin* (1984) 157 Cal.App.3d 325, 330. See, also, *Portillo v. Aiassa* (1994) 27 Cal.App.4th 1128, 1135 (commercial landlord held liable for inadequate inspection resulting in failure to learn of the vicious nature of tenant's dog). Whether the defendant maintained the property in a reasonably safe condition ordinarily is a question of fact. (*Ramirez v. Plough, Inc.* (1993) 6 Cal.4th 539, 546; *Sprecher v. Adamson Companies* (1981) 30 Cal.3d 358, 372).

The answer depends not only on the physical dimensions and quality of the condition but also on any surrounding circumstances that could either aggravate or mitigate the risk of injury. (*Ursino v. Big Boy Restaurants* (1987) 192 Cal.App.3d 394, 397; *Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 734).

As I am sure, you know, on December 23, 2021, at or around 12:30 p.m., Ms. Flemming entered your insured's premises, a Walmart located at 1333 N Mountain Ave, Ontario, CA 91762, to shop for groceries. As she was walking through your insured's premises, she slipped on an unknown liquid substance. As a result, Ms. Flemming fell, and sustained injuries as a proximate result of your insured's negligence.

This liability portion of this settlement demand is based on the facts and issues of law enumerated below. The purpose of this letter is to maximize efforts to resolve this matter to the mutual satisfaction of all parties concerned.





As you know, Ms. Flemming was an invitee in your insured's premises on December 23, 2021. Since my client was an invitee at your insured's premises, your

insured had a duty to inspect its premises and make them safe from any known or unknown dangers and defects on its premises. Such inspections are to prevent injuries of invitees, such as the injuries sustained by Ms. Flemming.

Your insured breached its duty towards Ms. Flemming, because it was your insured's absolute responsibility to make its premises safe from any known or unknown hazards such as the one at hand. Ms. Flemming's injuries were caused due to your insured's negligence of its premises.

Based on the above, your insured must bear the liability for Ms. Flemming's injuries and damages suffered in this incident. A careful review of the materials enclosed in this settlement demand will disclose the injuries sustained by my client to be a consequence of your insured's negligent and careless actions in the instant case.

According to the governing California Law, my client is entitled to recover the reasonable value of all medical, hospital, and nursing care services and supplies reasonably required and actually given to her in the treatment of personal injuries sustained as a proximate result of someone's negligence, (*Dimmic vs. Alvarez* (1961) 196 Cal. App. 2d 211, 216.) She is also entitled to recover the present cash value of the reasonable value of similar items reasonably certain to be required and given in the future (*Niles vs. City of San Rafael* (1974), 42 Cal. App.3d 230, 240-244.) The reasonable certainty standard must be reached by the fact-finder, based on all the evidence to be presented at trial.

The fact-finder evaluates and determines the weight to be given to the evidence and bases its award on the conclusion that the claimed loss is reasonably certain to occur (*Ostertag vs. Bethlehem Corporation* (1944) 65 Cal. 795, 807.) However, the medical testimony itself need not reach this degree of positive assertion (*Bauman vs. San Francisco* (1940) 42 Cal. App. 2d 144, 163-165.)

We are providing you with all the medical records and bills within our possession, which show the severity of the injuries caused by this incident. As a result of the injuries suffered, our client sought medical treatments and care at the following facilities:

| | |
|---|---|
| **1. Las Palmas Medical Group** | **$(See Medi-Cal)** |
| **2. Medi-Cal** | **$(Pending)** |
| **3. Green Life Chiropractic** | **$8,920.00** |
| **4. Rancho Open MRI** | **$5,040.00** |
| **5. Haven Orthopedics & Spine Institute** | **$79,050.00** |
| **6. TBI Specialist** | **$17,800.00** |
| **7. Providence Rezolut Imaging** | **$5,400.00** |
| **Total to date:** | **$116,210.00** |

As you will note from the medical records, amongst other things, Ms. Flemming primarily complains of pain and discomfort in her cervical spine, thoracic spine, lumbar spine, right shoulder, and SI joint. Furthermore, Ms. Flemming reported experiencing difficulty sleeping, and constant headaches. This pain became aggravated by normal everyday tasks and movements. For these reasons, she initially presented herself to Las Palmas Medical Group to undergo a diagnostic evaluation. Ms. Flemming underwent an evaluation, and was thereafter discharged with instructions to present herself to the emergency room if her symptoms worsen.

On February 2, 2022, Ms. Flemming presented herself to Green Life Chiropractic to undergo a chiropractic evaluation and treatment of the injuries she sustained. She was referred to Rancho Open MRI to undergo MRI imaging of her lumbar spine and cervical spine. MRI imaging of her lumbar spine indicated that at the L2-L3 level, there is a 4mm broad posterior disc protrusion. At the L3-L4 level, there is a 4mm broad posterior disc protrusion. At the L4-L5 level, there is a 7mm broad based posterior disc protrusion. At the L5-S1 level, there is a 3mm broad based posterior disc protrusion. MRI imaging of the cervical spine indicated that at the C5-C5 level, there is a 3mm broad posterior disc protrusion. At the C3-C4 level, there is a 2mm broad posterior disc protrusion. At the C7-T1 level, there is a 1mm to 2mm posterior central disc protrusion. At the T1-T2 level, there is a 2mm broad posterior disc protrusion. At the C5 through C7 levels, there are 3mm disc bulges. There is a 3mm anterolisthesis of C4 on C5. Ms. Flemming underwent a chiropractic treatment plan until she was discharged from care.

On March 17, 2022, Ms. Flemming presented herself to Haven Orthopedics & Spine Institute to undergo an orthopedic evaluation and treatment of injuries that she sustained. Ms. Flemming's injuries were evaluated, and her MRI imaging reports were reviewed. She was diagnosed with **cervical spine sprain, upper trapezius muscle spasm, cervical dorsopathy**, **cervicalgia, lumbar spine sprain, lumbar paravertebral muscle spasm, lumbar spine disc herniation, and lumbar spine dorsopathy**. Ms. Flemming was recommended to undergo Cervical Spine Facet Joint Injections to the right C4-C5 and C5-C6 joints. On April 28, 2022, June 7, 2022, and July 21, 2022 Ms. Flemming underwent the recommended cervical spine injections. Ms. Flemming was further recommended to undergo Lumbar Spine Facet Joint Injections to the right and left L3-L4 and L4-L5 facet joints. Ms. Flemming underwent the recommended lumbar spine injections on December 20, 2022, January 24, 2023, and April 27, 2023. Finally, Ms. Flemming was recommended to undergo radiofrequency ablation to the lumbar spine at the L2, L3, and L4 medial branch nerves, bilaterally. On September 5, 2023, Ms. Flemming underwent the recommended radiofrquency ablation.

On April 6, 2022, Ms. Flemming presented herself to TBI Specialist to undergo a neurological evaluation and treatment of injuries. Ms. Flemming's injuries were evaluated, and her diagnostic imaging reports were reviewed. Ms. Flemming was diagnosed with **traumatic brain injury sp fall, postconcussive syndrome, postconcussive headache, occipital neuralgia, neck spasms with bilateral radiation, and HX of stroke with mild left hemiparesis**. Ms. Flemming was recommended to undergo trigger point injections, and occipital nerve blocks. On April 6, 2022, November

21, 2022, and April 25, 2023, Ms. Flemming underwent the recommended procedures.

Please note as the date of this letter, Ms. Flemming continues to be in great pain and needs further treatment and care. Therefore, we request future care and treatment to be assessed in your evaluation.

Moreover, due to her injuries and the resulting limitations, pain, and distress, Ms. Flemming experienced hardship in going about her daily activities and overcoming the constant feelings of restlessness and anxiety.

As a result of the incident, she has difficulty performing routine daily activities such as household chores, laundry, vacuuming, doing dishes, grocery shopping, and preparing meals. She also has difficulties with prolonged sitting, prolonged standing, repetitive bending or twisting, sleeping, and prolonged walking. These standard tasks and movements are now a constant reminder of this incident. Ms. Flemming has suffered and will continue to suffer as a result of this unfortunate incident that she had no way of avoiding.

In addition to the medical specials incurred, Ms. Flemming has suffered a great deal of pain & suffering, severe nightmares, and anxiety. Not only did she sustain extremely painful and traumatic injuries accompanied by significant physical restrictions, but she also experienced difficulty concentrating and had a hard time sleeping due to the pain and discomfort. Ms. Flemming has also suffered mental and emotional distress due to the pain, suffering, and hardship that the incident created in her life.

Additionally, aside from special damages, Ms. Flemming has suffered damages due to the significant pain and suffering she had experienced, is presently experiencing, and will be experiencing in the future.

Our Client is also entitled to recover her past and future medical expenses as well as damages for the emotional distress, pain, and suffering, and loss of enjoyment of life suffered as a result of your insured's negligence.

Accordingly, based on the detrimental facts of loss against your insured, the injuries and damages sustained as a result of this incident, outstanding medical specials, and the amount of future care as outlined in the medical specials, we hereby request that you make a good faith offer to settle this claim.

**I will be looking forward to hearing from you on or before November 13, 2023.**

If this claim is denied, or if you happen to offer a compromised settlement, we request that you provide us with prompt and reasonable explanations of the bases relied on in relation to the facts or applicable law in making such denials or offers of compromise.

Please feel free to contact our office if you have questions or concerns.

Very truly yours,
**LAW OFFICES OF ANDREW ZEYTUNTSYAN, PC**

**ANDREW ZEYTUNTSYAN, ESQ.**